# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CORNEILLE YOBELUO NANGAA** | ) | |
| 34 Tshatshi Avenue | ) | |
| Kinshasa / Gombe | ) | |
| Democratic Republic | ) | |
| of the Congo | ) | |
| | ) | |
| *Plaintiff,* | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY AND** |
| *v.* | ) | **INJUNCTIVE RELIEF** |
| | ) | |
| **ANDREA M. GACKI** | ) | CIV. NO._____ |
| **in her official capacity as** | ) | |
| **Director of the United States** | ) | **ECF** |
| **Department of the Treasury** | ) | |
| **Office of Foreign Assets Control** | ) | |
| 1500 Pennsylvania Avenue, NW | ) | |
| Freedman's Bank Building | ) | |
| Washington, D.C. 20220 | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **THE UNITED STATES DEPARTMENT** | ) | |
| **OF THE TREASURY, OFFICE OF FOREIGN** | ) | |
| **ASSETS CONTROL** | ) | |
| 1500 Pennsylvania Avenue, NW | ) | |
| Freedman's Bank Building | ) | |
| Washington, D.C. 20220 | ) | |
| | ) | |
| *Defendant.* | ) | |

Plaintiff Corneille Yobeluo Nangaa ("Nangaa") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of this Complaint alleges the following:

## NATURE OF THE CASE

1.      This lawsuit seeks the Court's intervention to enjoin Defendants from effecting an international boycott against Corneille Yobeluo Nangaa without providing him any notice as to the reasons for his designation or giving him a meaningful opportunity to contest his designation.

2.      On March 21, 2019, OFAC designated Nangaa pursuant to Executive Order ("E.O.") 13413, as amended by E.O. 13671, and added Nangaa's name to its Specially Designated Nationals and Blocked Persons List ("SDN List"). By virtue of this designation, all of Nangaa's property and interests in property within the United States or within the possession or control of a U.S. persons are blocked, and foreign persons who engage in transactions or dealings with him are subject to potential sanctions.

3.      OFAC's actions followed the announcement of the preliminary results of the historic 2018 DRC general elections administered by the National Independent Electoral Commission ("CENI")— a government body tasked with organizing and administering elections in the DRC. These elections were heralded by the international community—including the United States government—as the first peaceful and democratic transfer of power in the DRC in decades. Indeed, the U.S. Department of State welcomed the electoral victory of opposition candidate Felix Tshishikedi as President of the DRC.

4.      Nangaa was the President of the CENI at the time of his designation by OFAC, as well as during the time of the organization and administration of the elections.

5.      While the State Department was welcoming the election results, Defendants greeted the DRC's historic and democratic transfer of power—which only took place as the result of the CENI's fair administration of the national elections—by sanctioning those responsible for ensuring its occurrence, including Nangaa.

6.      Moreover, Defendants sanctioned Nangaa—as evidenced by OFAC's March 21, 2018 press release announcing the designation action—without providing him notice of the legal criterion under which he was designated nor any other notice as to the reasons for his designation. Instead, Defendants sent a press release to the general public, which included unfounded conclusory allegations of corruption involving Nangaa and other CENI officials with no clear relevance to the criteria for designation under E.O. 13413, as amended.

7.      This press release constitutes the sole form of "notice" provided to Nangaa thus far. This is despite Nangaa's continued efforts to understand the reasons for his designation, including by requesting OFAC disclose the administrative record or any portions thereof or by providing Nangaa with alternative means by which he can understand the basis for OFAC's action against him.

8.      Because Defendants have failed to provide Nangaa with any notice as to the reasons for his designation, Nangaa has been unable to utilize the administrative reconsideration procedures otherwise available to him to challenge his unwarranted designation by OFAC.

9.      For these reasons, Nangaa turns to this Court to compel or instruct Defendants to rescind Nangaa's designation and/or provide clear notice to Nangaa as to the reasons for his designation so that he may have a meaningful opportunity to contest it.

## JURISDICTION AND VENUE

10.      This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

11.     This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. 65.

12.     Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

13.     Plaintiff Corneille Yobeluo Nangaa is and was at all times relevant herein a citizen of the Democratic Republic of the Congo. He is currently residing at 34 Tshatshi Avenue, Kinshasa/Gombe, DRC.

14.     Nangaa is the President of the CENI—the DRC's electoral commission charged with ensuring free and fair elections. In this role, Nangaa helped facilitate successful national democratic elections and the first democratic transition of power in the DRC.

15.     Nangaa is designated under E.O. 13413, as amended, and his name is included on OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").

16.     Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including by designating persons pursuant to authorities contained in E.O. 13413, as amended, and regulating dealings with them under those authorities via 31 C.F.R. Parts 501 and 547, the "Reporting, Procedures, and Penalties Regulations," and the "Democratic Republic of the Congo Sanctions Regulations," respectively. OFAC is responsible for designating Nangaa under E.O. 13413, as amended.

17.     Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.     OFAC's March 21, 2019 Designation of Nangaa

18.     On March 21, 2019, OFAC designated Nangaa under E.O. 13413, as amended, for allegedly engaging in actions or policies that undermine democratic processes or institutions in the DRC. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019). As a result of this designation, Nangaa's name was added to OFAC's SDN List.

19.     Simultaneous with its designation, Defendants issued a press release announcing the designation. This press release alleged that OFAC's action followed "persistent corruption by senior officials within the DRC's National Independent Electoral Commission ("CENI") and the former Kabila Government to obstruct and delay preparations for credible and inclusive elections." Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Congolese Officials Responsible for Undermining DRC Elections (March 21, 2019). This press release, however, did not specify the designation criterion of E.O. 13413, as amended, under which Defendants sanctioned Nangaa nor whether the allegations contained therein relate to the basis for Nangaa's designation. *Id*.

20.     The legal consequence of Nangaa's designation is that all of his property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are prohibited from engaging in transactions or dealing with him. Moreover, U.S. and foreign persons that provide material assistance to Nangaa—including through provision of financial services or any other

goods or services—are subject to designation under E.O. 13413, as amended, and could thus themselves be subject to blocking sanctions. *See* E.O. 13413, § 1(a)(ii)(F) (Oct. 27, 2006).

**B.      Nangaa's Request for the Administrative Record**

21.      Unable to clearly ascertain the reasons for his designation, on May 2, 2019 Nangaa requested the administrative record underlying his designation or any unclassified portions of that record, as well as an unclassified summary of any classified or otherwise privileged information contained in it. Nangaa also requested OFAC make available alternative mechanisms by which OFAC may apprise him of, or from which Nangaa could otherwise understand, the reasons for his designation.

22.      Over five months have passed since Nangaa first made this request. OFAC has not yet disclosed an unclassified version of the administrative record or any portion thereof and has not provided any alternative mechanisms by which Nangaa can gain an understanding of the reasons for his designation.

23.      Absent disclosure of the administrative record or other notice, Nangaa remains unaware as to the reasons for OFAC's action or how the information contained in the press release relates to the legal criterion of his designation. For this reason, Nangaa has yet to file a delisting petition with OFAC challenging his designation.

**C.      OFAC's Publication of Federal Register Notice**

24.      On June 27, 2019—in response to Nangaa's June 23, 2017 notice to OFAC that it had failed to publicly provide notice of Nangaa's designation in the Federal Register—OFAC identified in the Federal Register the legal criterion under which it designated Nangaa. Specifically, OFAC designated Nangaa under E.O. 13413, § 1(a)(ii)(C) "…for being responsible

for or complicit in, or having engaged in, directly or indirectly, actions or policies that undermine democratic processes or institutions in the [DRC]." *See* 84 FED. REG. 30804.

**D.  Harm to Nangaa**

25.  Defendants' unlawful action has been personally, professionally, and financially ruinous to Nangaa. Specifically, Nangaa has been made the subject of an international boycott, as persons all over the world—including in the DRC—are subject to potential designation by Defendants for engaging in any transactions or dealings with him.

26.  The immediate legal consequence of Nangaa's designation is that all property and interests in property located within U.S. jurisdiction in which he has an interest are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with him. In addition, foreign persons, including foreign financial institutions, are exposed to potential designation under E.O. 13413, as amended, for engaging in any transactions with Nangaa.

27.  Due to the extraterritorial effects of U.S. sanctions, foreign parties have been reluctant to engage in transactions or dealings with Nangaa out of fear of retribution by Defendants. Furthermore, Nangaa faces grave financial hardship, as businesses and financial institutions continue to distance themselves from him in order to mitigate their own sanctions risk. For example, on or about April 10, 2019, Nangaa's account at Rawbank—a commercial bank in the DRC—has blocked a legitimate transfer of 475,434,397 Congolese Francs ("CFR"), citing OFAC-administered sanctions as the reason for the blocking. Exhibit A-Nangaa Rawbank Blocking Letter.

28.  Defendants fully acknowledge the devastating costs imposed on designated persons, such as Nangaa. Defendants have openly lauded the fact that sanctions impose "professional, personal, and financial isolation" on designated persons. Press Release, U.S. Dep't

of Treasury, Office of Foreign Assets Control, U.S. Government Sanctions Organizations and

Individuals in Connection with an Iranian Defense Entity Linked to Iran's Previous Nuclear

Weapons Effort (March 22, 2019). Indeed, Defendants regard their sanctions as "force

multipliers," so that, for instance, "international financial institutions frequently implement

[U.S.] sanctions voluntarily, even when they are under no legal obligation to do so," by

blacklisting designated persons from accessing their services. Examining Treasury's Role in

Combating Terrorist Financing Five Years After 9/11, Hearing Before the Comm. on Banking,

Housing and Urban Affairs, 109th Cong., S. Hrg. 109-1073 (statement of Adam J. Szubin).

## LEGAL CLAIMS

### COUNT I

DEFENDANTS' DESIGNATION OF NANGAA UNDER E.O. 13413 CONSTITUTES
ARBITRARY AND CAPRICIOUS AGENCY ACTION UNDER THE APA

29.      Nangaa re-alleges and incorporates by reference as if fully set forth herein the

allegations in all preceding paragraphs.

30.      Agency action, findings, and conclusions found to be arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a

reviewing court and set aside. 5 U.S.C. § 706(2)(A).

31.      Defendants' designation of Nangaa under E.O. 13413 is arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law in violation of the APA, as Nangaa

does not meet the criteria for designation under E.O. 13413 and OFAC has made no findings or

conclusions to support its decision.

## COUNT II

### DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR NANGAA'S DESIGNATION UNDER E.O. 13413 VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

32.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

33.     Under the Fifth Amendment to the U.S. Constitution, Nangaa has a right to adequate post-deprivation notice. Sufficient notice requires Defendants to provide Nangaa with the reasons for his designation so as to permit him a meaningful opportunity to respond.

34.     Under the Fifth Amendment to the U.S. Constitution, Nangaa has a right to a hearing. Any constitutionally adequate hearing must provide Nangaa with the opportunity to be heard in a meaningful manner.

35.     By failing to release the administrative record, any portions thereof, or any other form of notice designed to apprise Nangaa as to the reasons for his designation, Defendants have denied him a meaningful opportunity to challenge his designation. These actions have prevented Nangaa from making effective use of OFAC's administrative reconsideration procedures. Therefore, Defendants have acted in violation of Nangaa's due process rights under the Fifth Amendment to the U.S. Constitution.

## COUNT III

### DEFENDANTS' FAILURE TO PROVIDE NOTICE AS TO THE REASONS FOR NANGAA'S DESIGNATION UNDER E.O. 13413 VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

36.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

37.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or without observance of procedure required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

38.     The APA entitles interested parties to appear before an agency with respect to any "issue, request, or controversy in a proceeding . . . or in connection with an agency function." 5 U.S.C. § 555(b). Agencies are required to issue a decision with respect to these requests within a reasonable time. *Id*.

39.     OFAC promulgates procedures by which parties subject to its sanctions can petition for reconsideration of their designation and delisting from the SDN List. 31 C.F.R. § 501.807. Pursuant to OFAC's delisting procedures, a designated person "may submit arguments or evidence that the person believes establishes that insufficient basis exists for the designation" or "propose remedial steps on the person's part . . . which the person believes would negate the basis for designation." 31 C.F.R. § 501.807(a). Designated persons may also argue that there has been a change in circumstances rendering inapplicable the reasons for the original designation. 31 C.F.R. § 501.807.

40.     By failing to release the administrative record, any portions thereof, or any other form of notice reasonably designed to apprise Nangaa as to the basis for his designation, Defendants have denied Nangaa a meaningful opportunity to challenge his designation. In sum, Defendants have failed to provide Nangaa with sufficient notice as to the basis for his designation and have thus prevented him from making effective use the APA's and OFAC's administrative reconsideration procedures.  Defendants have therefore acted in violation of the

APA by engaging in agency action that is arbitrary, capricious, an abuse of discretion, or that is not in accordance with law or in observance of procedure required by law.

## COUNT VI

### DEFENDANTS' FAILURE TO PROVIDE THE UNCLASSIFIED PORTIONS OF THE ADMINISTRATIVE RECORD OR ANY OTHER NOTICE CONSTITUTES UNREASONABLE DELAY IN VIOLATION OF THE APA

41.     Nangaa re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

42.     The APA empowers courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

43.     Defendants have failed to provide Nangaa with the unclassified portions of the administrative record or any other notice reasonably designed to apprise him of the reasons for his designation under E.O. 13413, as amended.

44.     Defendants are required under the APA and the Fifth Amendment to the U.S. Constitution to provide sufficient notice to a designee as to the reasons for their designation, including, the unclassified portions of the administrative record.

45.     Defendants' failure to act on Nangaa's request and provide the record or any other notice constitutes unreasonable delay in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Issue an order vacating Nangaa's designation under E.O. 13413;

B.      Order Defendants to rescind Nangaa's designation under E.O. 13413;

C.    Order Defendants to disclose the administrative record or any unclassified portions of such record so as to apprise Nangaa as to the reasons for his designation under E.O. 13413

D.    Order Defendants to produce an unclassified summary of classified or otherwise privileged information contained in the administrative record, which—together with the unclassified version of the administrative record—fully apprises Nangaa as to all of the reasons for his designation under E.O. 13413;

E.    Order Defendants to provide alternative means by which Nangaa can be given sufficient notice as to the reasons for his designation under E.O. 13413 in the event that OFAC is unable to disclose all of the reasons for the designation through the redacted version of the administrative record and an unclassified summary;

F.    Grant an award to Plaintiff for his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable provision of law; and

G.    Any other and further relief as the Court may deem proper.

Dated:  November 12, 2019

Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004

Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*
*Corneille Yobeluo Nangaa*